UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPHINE SMALLS MILLER | CASE NO. 3:12cv1287 (JAM) |
| *Plaintiff* | CASE NO. 3:14CV689 (JAM) |

v.

BRIDGEPORT BOARD OF
EDUCATION, MARK ANASTASI
    *Defendant*    APRIL 11, 2015

## OPPOSITION TO MOTION FOR ATTORNEYS FEES

Plaintiff Josephine S. Miller files this opposition to the motion filed by defendants seeking an award of attorney fees. In support of this opposition Plaintiff shows the following:

1. The Rule 11 motion for which defendants claim entitlement to an award of attorney fees is duplicative of a previously and decided filed Rule 11 motion.

2. The separately filed allegations in the complaint were only necessitated because of the court refusal to permit Plaintiff to amend her complaint in Case No.3:12cv1287. It is disingenuous for defendants to claim that Plaintiff has multiplied the proceedings unnecessarily. Even they concede that the facts in this action are inextricably intertwined with the facts in Case No. 3:12cv1287 and should therefore have been allowed to be amended under the liberal amendment standard of Rule 15. It is through no fault of Plaintiff that this second action had to be filed. What defendants apparently hoped was that Plaintiff would retreat from the claims in this suit once the court disallowed the amendment.

3. Defendants use of Rule 11 is part of parcel of their strategy of economic pressure

***ORAL ARGUMENT IS REQUESTED***

in order to avoid responding on the merits of Plaintiff's complaint.  Although the court has previously objected to Plaintiff's use of the term economic terrorism,[1] the claim is that defendants have engaged in conduct deliberately designed to wrest earned legal fees from Plaintiff and continue to use the threat of economic oppression through this request for attorney fees.

4.   Defendants' claims with regard to the current lawsuit amount to bad faith on their part in attempting to avoid Plaintiff's meritorious claims.  See discussion in Plaintiff's Rule 11 motion dated March 19, 2015.  Notably at the time of the oral argument on Plaintiff's motion to lift the stay, defense counsel sought a bargain that would have the respective Rule 11 motions mediated by a magistrate and that if Plaintiff did not agree to such, they would go forward with this request for attorney fees.  That is a patent use of economic pressure in order to achieve an unlawful, purpose.

For the foregoing reasons it is respectfully submitted that the motion for award of attorney fees should be denied.

```
                              PLAINTIFF,
                              By:   /s/ Josephine Smalls Miller
                              Josephine Smalls Miller
                              Federal Bar No. ct27039
                              152 Deer Hill Ave., Suite 302
                              Danbury, CT  06810
                              Tel: (203) 512-2795
                              Email: jmillerlaw@sbcglobal.net
```

---

[1] This term is one that was actually coined by federal appeals court judges.  See e.g. Union Nat. Bank v. Federal Nat.. Mortg. Assn'n., 860 F.2d 847, 857 (8th Cir. 1988) (FNMA engaged in "economic terrorism" by using its superior bargaining position to attempt to take that which rightfully belonged to Union either "approved status" or money)

## **CERTIFICATION**

I hereby certify that on April 11, 2015 a copy of the foregoing Plaintiff's Opposition to Motion for Attorney's Fees was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


___/s/  Josephine S. Miller_____
Josephine S. Miller